RECEIVED
IN LAKE CHARLES, LA

JAN - 6 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LAROI JACKSON | : | DOCKET NO. 2:09 CV974 |
| VS. | : | JUDGE MINALDI |
| GEARBULK, INC., et al. | : | MAGISTRATE JUDGE KAY |

## JUDGMENT

Before the Court is a Motion for Summary Judgment, filed by Gearbulk, Inc. ("Gearbulk") [Doc. 15]. Because an insufficient complaint, [Docs. 1-1 & 7], has been filed against the M/V Dunlin Arrow, it is not properly a party to this lawsuit. Fed. R. Civ. P. Supp. R. C, C(2)-(3) ("In rem Actions: Special Provisions," "Complaint", and "Judicial Authorization and Process"); *see* 33 U.S.C. 905(b) & 902(21) (2006) (defining "vessel" as both the actual vessel and the "vessel's agent"); *Taylor v. Bunge*, 845 F.2d 1323, 1327 (5th Cir. 1988) ("An important aspect of tort law in admiralty has long been the 'action in rem' against the vessel. LHWCA Sec. 5(b) codifies this principle . . . ."); *Belcher Co. of Alabama, Inc. v. M/V Maratha Mariner*, 724 F.2d 1161 (5th Cir. 1984)("Under the admiralty law of the United States, *in personam* and *in rem* actions may arise from the same claim, and may be brought separately or in the same suit. As its name implies, the *in personam* action is filed against the owner personally. An *in rem* action, on the other hand, is filed against the *res*, the vessel; and a maritime lien on the vessel is a prerequisite to an action *in rem*") see also The Hine, 71 U.S. 555 (1866) (holding that an action *in rem* may be brought only in federal court); Robert Force, ADMIRALTY AND MARITIME LAW 30 (2004) ("If the property is not within the district court where the action is commenced and there

1

is no immediate prospect of its entering the district, the complaint will be dismissed"). And, for the additional reasons stated in the accompanying Memorandum Ruling,

IT IS ORDERED that Gearbulk's Motion for Summary Judgment is hereby GRANTED.

IT IS FURTHER ORDERED that the plaintiff's claim against Gearbulk is hereby DISMISSED with prejudice at the plaintiff's cost and the plaintiff's claim against the M/V Dunlin Arrow is hereby DISMISSED without prejudice.

IT IS FURTHER ORDERED that this Court's Memorandum Ruling is hereby altered and amended to more accurately correspond with the relief provided in this Judgment.

Lake Charles, Louisiana, this 6 day of January 2011.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE